UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
GEOVANI VILLALTA, individually and on behalf of all others similarly situated,

                              Plaintiff,

              -against-

NTN BROTHERS CORPORATION d/b/a CHILLERS GRILL, DEREK EBID, and NICK STATHATOS,

                              Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Geovani Villalta ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, NTN Brothers Corporation d/b/a Chillers Grill ("Chillers Grill"), Derek Ebid, and Nick Stathatos (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"), and the Internal Revenue Code, 26 U.S.C. § 7434.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.     This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants reside and conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.  Plaintiff is an individual residing in the State of New Jersey.

6.  At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7.  Chillers Grill is a domestic corporation with its principal place of business located at 2191 Fletcher Avenue, Fort Lee, New Jersey 07024.

8.  Chillers Grill is a café and restaurant that serves American food.

9.  Ebid and Stathatos are individuals residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Ebid and Stathatos were, and still are, officers, directors, shareholders and/or persons in control of Chillers Grill who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

11. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

12. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13. At all relevant times, Defendants were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19. The FLSA Collective Plaintiffs consist of no less than seven (7) similarly situated current and former kitchen staff members employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other pay.

20. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and failing to pay employees for all hours worked.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24. Plaintiff worked for Defendants as a chef from in or around June 2015 until on or around September 15, 2019.

25. As a chef, Plaintiff's principal job duties included chopping meats and vegetables, preparing a variety of dishes on the menu to be served to customers, and cleaning the kitchenware and his work area.

26. Despite being given the title of chef, Plaintiff was not involved in creating Defendants' food menu; rather, Plaintiff merely prepared dishes from Defendants' established menu.

27. Plaintiff did not have the authority to hire, fire, promote, or discipline employees, nor did he make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

28. Plaintiff did not supervise any employees, nor was he employed in an executive, professional, administrative, or outside sales capacity.

29. Throughout his employment with Defendants, Plaintiff regularly worked Tuesdays through Sundays, from approximately 7:00 a.m. until 3:00 p.m., with a daily fifteen (15) minute lunch break, for a total of approximately forty-six and one-half (46.5) hours per week.

30. Throughout his employment, Plaintiff was paid a fixed weekly salary, regardless of the number of hours that he worked each week.

31. From the start of his employment until in or around March 2016, Plaintiff was paid $1,200.00 per week.

32. From in or around April 2016 until in or around March 2017, Plaintiff was paid $1,300.00 per week.

33. From in or around April 2017 until in or around March 2018, Plaintiff was paid $1,400.00 per week.

34. From in or around April 2018 until in or around March 2019, Plaintiff was paid $1,500.00 per week.

35. From in or around April 2019 until the end of his employment, Plaintiff was paid $1,525.00 per week.

36. Throughout Plaintiff's employment, Defendants paid Plaintiff $500.00 of his weekly wages by check with accompanying paystub, and the rest of his wages in cash with no accompanying paystub.

37. Throughout their employment, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and NJWHL.

38. Defendants did not track or otherwise record the hours Plaintiff or the FLSA Collective Plaintiffs worked.

39. Although Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

40. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA collective Plaintiffs overtime compensation, and by regularly reporting fraudulent information to the United States Internal Revenue Service with respect to Plaintiff's employment.

## **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

41. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

43. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

44. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

47. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the NJWHL)*

48. Plaintiff repeats and realleges all prior allegations set forth above.

49. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

50. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

51. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

52. Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours that he worked each week, and failed to provide Plaintiff with overtime payments for all hours worked in excess of forty (40) hours per week.

53. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to him, along with reasonable attorneys' fees, interest, and costs.

54. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to no more than two-hundred percent (200%) of unpaid wages.

55. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

56. Plaintiff repeats and realleges all prior allegations.

57. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

58. Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of N.J.S.A. 34:11-4.3.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due to him, including overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, liquidated damages, interest, costs, and reasonable attorney's fees.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Fraudulent Filing of Information Returns)*

61. Plaintiff repeats and realleges all prior allegations.

62. Throughout the relevant period, Defendants regularly paid Plaintiff part of his wage compensation by check with withholdings for federal, state, and local taxes, and part of his wage compensation in cash without any withholdings for federal, state and local taxes.

63. Defendants regularly provided Plaintiff with a copy of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS") each calendar year, which reflected only the Plaintiff's wages that were paid by check.

64. A Form W-2 is an information return as defined by 26 U.S.C. § 6724(d)(1).

65. Defendants regularly reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

66. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Fourth Cause of Action for damages in the amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, and reasonable attorneys' fees;

d) interest;

e) costs and disbursements; and

f) such other and further relief as is just and proper.

Dated: New York, New York
July 14, 2020

> <u>/s/ Nicole Grunfeld</u>
> Nicole Grunfeld
> Katz Melinger PLLC
> 280 Madison Avenue, Suite 600
> New York, New York 10016
> t: (212) 460-0047
> f: (212) 428-6811
> ndgrunfeld@katzmelinger.com
> *Attorneys for Plaintiff and the FLSA Collective Plaintiffs*