**KATES NUSSMAN ELLIS
FARHI & EARLE, LLP**
Sandra M. Barsoum, Esq.,
I.D. No. 145392015
190 Moore Street, Suite 306
Hackensack, New Jersey 07601
Tel: (201) 488-7211
Fax: (201) 488-1210
*Attorneys for the Plaintiff*

| | |
|---|---|
| **GEOVANI VILLALTA,**<br><br>                                        *Plaintiff*,<br><br>vs.<br><br>**NTN BROTHERS CORPORATION d/b/a CHILLERS GRILL, TEREK EBID, and NICK STATHATOS.**<br><br>                                        *Defendant*. | <u>**UNITED STATES DISTRICT COURT**</u><br><br>**DISTRICT OF NEW JERSEY**<br><br>**CASE NO.: 2:20-CV-08911-MCA-LDW**<br><br>Civil Action<br><br><u>**ANSWER AND**</u><br><u>**AFFIRMATIVE DEFENSES**</u> |

        By way of its attorneys Kates, Nussman, Ellis Farhi & Earle, LLP, Defendants, NTN

Brothers Corporation d/b/a Chillers Grill, Terek Ebid, and Nick Stathatos, (collectively

"Defendants") hereby Answer the Plaintiff's Complaint, as follows:

I.        <u>**Nature of Action, Jurisdiction, and Venue**</u>

1. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

2. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

3. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

4. Admitted.

## II.  <u>Parties</u>

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

12. Admitted.

13. Admitted.

14. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

15. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

16. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

17. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

## III.  <u>FLSA Collective Action Allegations</u>

18. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

19. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

20. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

21. Denied.

22. Denied.

23. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

### IV.    Factual Allegations

24. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

25. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

26. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

27. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

28. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to his proofs.

29. Denied.

30. Denied.

31. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

32. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

33. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

34. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

35. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

36. Denied.

37. To the extent this paragraph contains legal conclusions or statements, it does not require a response.

38. Denied.

39. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

40. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

## V.   First Cause of Action (Overtime Violations under the FLSA)

41.  Defendants repeat each and every response to the allegations of the Paragraphs 1 through 40 of the Complaint, as if set forth herein at length.

42. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

43. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

44. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

45. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

46. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

47. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

## VI.    Second Cause of Action ( Overtime Violations under NJWHL)

48. Defendants repeat each and every response to the allegations of the Paragraphs 1 through 47 of the Complaint, as if set forth herein at length.

49. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

50. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

51. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

52. Denied.

53. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

54. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

55. To the extent this paragraph contains legal conclusions or statements, it does not require a response.

## VII.   Third Cause of Action ( Violation of NJWPL)

56. Defendants repeat each and every response to the allegations of the Paragraphs 1 through 55 of the Complaint, as if set forth herein at length.

57. Denied.

58. Denied.

59. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent that a response is required, this averment is denied.

60. To the extent this paragraph contains legal conclusions or statements, it does not require a response.

## VIII.   Fourth Count (Fraudulent Filing of Information Returns)

61. Defendants repeat each and every response to the allegations of the Paragraphs 1 through 60 of the Complaint, as if set forth herein at length.

62. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

63. Defendants neither admit nor deny the allegations contained within this paragraph and leave the Plaintiff to its proofs.

64. The document in question speaks for itself. The accuracy and characterization of the contents is denied.

65. Denied.

66. To the extent this paragraph contains legal conclusions or statements, it does not require a response. To an extent a response is required, this averment is denied.

67. To the extent this paragraph contains legal conclusions or statements, it does not require a response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants, in whole and in part, fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants at all times acted within the bounds of their own right and obligations in their dealings with the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Any actions by the Defendants in their dealings with the Plaintiff were legitimate and lawful.

### FOURTH AFFIRMATIVE DEFENSE

Defendants breached no duty, in contact, tort, or otherwise, owing to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Any actions taken by the Defendants were made in good faith.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are prevented from pursuing their claims by virtue of estopple and latches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants are barred by her failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any losses suffered by Plaintiff were due to her own actions, inactions, or fault, or that of third parties over whom the Defendants exercised no control.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages as a result of any of the alleged actions of the   Defendants.

## TENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of acts, omissions and/or negligence of third parties over which the Defendants exercised no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed all risks arising from and related to the alleged losses at issue.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the State of Frauds.

## THIRTEENTH AFFIRMATIVE DEFENSE

No act or omission of the Defendants was the proximate cause of any damages claimed to have been sustained by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants are barred by her contributory and/or comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages, or suffered inconsequential damages, as a result of any of the alleged actions of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendants are barred by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff claim to damages are barred where she consented to the act causing the alleged harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE

Costs alleged to be incurred may not be recovered as they are remote, speculative and contingent

## TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant, Defendants have complied with all applicable laws, regulations, and standards, and have otherwise conducted themselves as a reasonable person under the circumstances.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff claim to damages are barred where he consented to the act causing the alleged harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If it is proven that Defendants are liable to Plaintiffs, such liability being expressly denied, then it is averred that the damages, if any, are barred in whole or in part because of the failure of Plaintiffs to mitigate its damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants alleges that, to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to him.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff, and each and every Cause of Action contained in the complaint, is barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff by which Defendant was led to rely to their detriment, thereby barring any Causes of Action asserted by Plaintiff under the doctrine of equitable estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the damages referred to in the complaint by Plaintiff were proximately caused by Plaintiff and/or others affiliated in any manner with Plaintiff in that at all relevant times, Plaintiff failed to exercise the proper care and precautions for her  own protection which prudent persons under the same and similar circumstances would have exercised, and that if Defendants committed any wrongful act (which Defendants deny), the conduct of Plaintiff and/or entities or persons associated in any manner with Plaintiff contributed to the happenings of Plaintiff's alleged damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The within action was commenced by the Plaintiff in bad faith and with the intent to harass the Defendants and cause the Defendants great sums of money to defend this action and therefore the Defendants will seek reimbursement of counsel fees and costs pursuant to N.J.S.A. 2A:15-59.1 and R. 1:4-8

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action on behalf of Collective Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Defendants revere their right to assert such additional affirmative defenses arising in fact or in law as may be ascertained during the court of the within proceedings.

**WHEREFORE**, Defendants demand judgment against the Plaintiff as follows:

A.  Dismissing the Plaintiff's Complaint with Prejudice and with Costs; and

B.  For Attorneys' fees, interest, and costs of suit; and

C.  Any such other relief as the Court may deem equitable and just under the circumstances.

**KATES, NUSSMAN, ELLIS**
**FARHI & EARLE, L.L.P.**
Attorneys for Defendants

 _/s/ Sandra Barsoum_____
**Sandra Barsoum**