EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into as of this day of October _____, 2020 by and between NTN Brothers Corporation d/b/a as Chillers Grill, Terek Ebid and Nick Stathatos (collectively the "Defendants"), 2191 Fletcher Ave., Fort Lee, New Jersey 07024, and Geovani Villalta, residing at 523 15th Street Apt. 1, Union City, NJ 06087("Plaintiff"). Plaintiff and Defendants may hereinafter individually be referred to a "Party" and collectively referred to as "Parties."

**WHEREAS**, the Plaintiff filed a Complaint on July 14, 2020 in the United States District Court of New Jersey, Case No. 2:20-CV-08911-MCA-LDW against the Defendants (the "Action"); and

**WHEREAS**, the Parties voluntarily and knowingly desire, without admitting any liability or wrongdoing, to resolve all controversies between them including, without limitation, compromising , settling, terminating , and releasing all claims that were alleged, or that could have been alleged, in the Action;

**NOW WHEREFORE**, in consideration of the mutual promises of the Parties as set forth herein, and for other good and valuable consideration, and so as to avoid further litigation expense and uncertainty, it is hereby agreed as follows:

1. **Settlement Payment.** In consideration for the promises made herein by Plaintiff, which form a material part hereof; the execution, non-revocation of, and compliance with this Agreement by Plaintiff, including, but not limited to, the waivers and releases of claims set forth herein below; and with other good and valuable consideration, the receipt and sufficiency of each and all of which Plaintiff hereby acknowledges on behalf of himself and his heirs, executors, administrators, successors and assigns, Defendants agree to pay the sum of Twelve Thousand and Five Hundred US dollars ($12,500) (the "Settlement Amount").

    Payment shall be made by check delivered via a trackable method or by wire to Katz Melinger PPLC (the "Law Firm"), Plaintiff's attorneys, within (25) calendar days of court approval of this Agreement. From the Settlement Amount, $7,746.67 shall be allocated to Plaintiff as and for unpaid wages and $4,753.33 shall be allocated to the Law Firm as and for attorneys' fees and expenses. The foregoing amounts shall be reflected on 1099 forms provided to Plaintiff and the Law Firm.

    Plaintiff shall have the obligation to pay any and all taxes due on the Settlement Amount and/or any part thereof, should any taxes be deemed to be due and owing. Plaintiff further agrees and acknowledges that Defendants do not owe him any wages, commissions, bonuses, sick pay, vacation pay, leave pay and/or any other form of compensation and/or remuneration except as explicitly set forth hereinabove in this Paragraph.

2. **Withdrawal and Stipulation of Dismissal with Prejudice**. In further exchange of the mutual promises and valuable consideration contained herein, Plaintiff shall sign and deliver to Sandra M. Barsoum, Esq. at Kates Nussman Ellis Farhi & Earle LLP, attorneys for Defendants, the Stipulation of Dismissal With Prejudice, a copy of which is attached to and made a part of this Agreement, simultaneously with the execution of this Agreement by the Plaintiff. Defendants' obligations are conditioned upon receipt of a fully executed Stipulation of Dismissal with Prejudice. Attorneys for Defendants shall hold the stipulation of Dismissal in escrow and shall only file it upon receipt of notice from Plaintiff's attorney that the Settlement Amount has been successfully deposited.

3. **Release.** In exchange for payment of the Settlement Amount, Plaintiff, on behalf of himself, and his agents, representatives, attorneys, heirs, executors, administrators, successors and assigns, hereby agrees to fully, finally, and unconditionally release and forever waives, releases, acquits and discharges Defendants and their current and former parents, owners, members, direct or indirect subsidiaries, affiliated companies and their respective successors heirs, executors, administrators and assigns, and all of their current and/or former officers, directors, agents, representatives, attorneys, insurers and successors-in-interest, from any and all claims, causes of action, lawsuits, appeals, charges, demands, debts, obligations, dues, sums of money, promises, covenants, liabilities, disputes, controversies, grievances, expenses (including attorneys' fees), damages, judgments, executions and grievances whatsoever in law and/or equity that Plaintiff has, had, or may have against the Defendants which were or could have been raised in the Action, whether known or unknown, foreseen or unforeseen, absolute or contingent, liquidated or not liquidated, enforceable under any local, state, or federal statute, regulation, or ordinance, or under the common law of the United States (and any of the states thereof) that has occurred up until the time of the execution of this Agreement by the last of the Parties to execute the same.

Plaintiff expressly states, understands and agrees that the releases and waivers set forth in this paragraph constitute a release of any actual or alleged act, omission, transaction, practice, conduct, occurrence and/or other matter, arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq. ("NJWHL"); the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. ("NJWPL"); and the Internal Revenue Code, 26 U.S.C. § 7434, and all other claims for costs, interest , and attorneys' fees and expenses (individually and collectively , the "Release").

This Release is intended by the Parties to be construed as full and final by Plaintiff as to any and all of the above against Defendants arising on and/or before the date of the execution of this Agreement except claims that cannot be legally waived under current Federal or New Jersey state law, such as claims for Workers' Compensation or Unemployment Benefits or his right to file an administrative charge or complaint with certain governmental agencies where applicable law provides that such cannot be waived, and/or to cooperate in any investigation

conducted by the Equal Employment Opportunity Commission, the Securities and Exchange Commission or the National Labor Relations Board; provided, however, Plaintiff agrees to waive and hereby waives his right to recover any individualized monetary relief from Defendants in connection with any such claims. Furthermore, each Party is responsible for its own attorneys' fees and expenses.

4. **Admissions.** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, which is expressly denied, and the Parties have entered into this Agreement for the purpose of avoiding the uncertainties and expense of litigation. The execution of this Agreement is not intended, and shall not be deemed or construed in any way, to be an admission that Defendants have violated any Federal, State and/or local law (statutory or decisional), ordinance, regulation, contract, any common law rule and/or administrative rule and/or regulation, has or committed any wrong against the Plaintiff.

5. **No future Employment.** Plaintiff agrees that he will not knowingly apply for employment or re-employment with Defendants, and that Defendants have no duty to rehire or reemploy him.

6. **Confidentiality of Settlement and Settlement Agreement.** Plaintiff agrees that he will not publicize the negotiations with respect to the Settlement Agreement. Nothing in this Settlement Agreement shall prohibit Plaintiff from disclosing information concerning payments made to him to members of his immediate family, attorneys, and tax advisors. Further, nothing in this Settlement Agreement will prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement, or prohibit or restrict Plaintiff from responding to any inquiry about this Settlement or its underlying facts and circumstances from any governmental agency

7. **Indemnity Regarding Tax Matters.** Neither Defendants, nor their attorneys, make any representations or warranties, expressly, by implication or otherwise, regarding any tax liability or tax matters in connection with Plaintiff's employment with the Defendants or the payment of the Settlement Amount, and Plaintiff acknowledges that he has not relied on any advice from Defendants and/or their attorneys, agents, employees or representatives concerning the taxability thereof. Plaintiff agrees to indemnify and hold harmless Defendants and their attorneys from all claims, assessments, demands, penalties and/or interest of any nature or description, which may be asserted by authorized governmental authorities in connection with Plaintiff's employment with the Defendants, or as a result of the payment of the Settlement Amount. It is agreed and understood that any taxes and/or penalties and interest determined to be due in connection with his employment or as a result of taxes on the Settlement Amount, or the reporting thereof, as income tax or otherwise, will be the sole responsibility of Plaintiff.

8. **Medicaid Recovery Action and Indemnity.** Plaintiff warrants and represents that he has not received benefits from Medicaid on account of any of the claims released. Notwithstanding this warranty and representation, Plaintiff agrees to be solely responsible for and to indemnify, defend and hold Defendants and their counsel harmless from, any and all claims, liens, damages, penalties, assessments, attorneys' fees, conditional payments and rights to payment, known or unknown that Medicaid or any governmental entity (or anyone acting on behalf of any governmental entity) may make with respect to the payment to Plaintiff of the Settlement Amount.

9. **Child Support.** Plaintiff acknowledges and agrees that N.J.S.A. 2A: l 7-56.23b requires a search of child support judgments to be completed prior to any distribution of the proceeds of this settlement. Before distribution of the Settlement Amount, Plaintiff and/or his attorney shall provide the appropriate certification that Plaintiff is not a child support debtor. In the event this or any other search reveals that Plaintiff is a child support debtor, the Probation Division of the Superior Court will be contacted in accordance with N.J.S.A. 2A:l 7- 56.23b to arrange for satisfaction of the child support judgment, notwithstanding any other provision of this Agreement.

10. **Non-Disparagement.** The Parties agree not to make any disparaging or defamatory remarks about each other (and also, as to Plaintiff, Plaintiff shall make no such remarks about any of employee or agent of Defendants) to any third party either orally or in writing. Nothing in this provision shall interfere with any rights that cannot be waived pursuant to the National Labor Relations Act.

11. **No Legal Actions.** Plaintiff represents that neither he nor anyone on his behalf has filed any complaints, claims, charges and/or actions against Defendants in any federal, state, or local agency or court, and that neither he nor anyone on his behalf will do so any time hereafter concerning any matters arising out of this Release. Plaintiff, on his own behalf and on behalf of his respective heirs, executors, administrators, assigns, and representatives agrees and promises never to directly or indirectly commence, file, maintain, prosecute, participate in as a party, or assist in the commencement or prosecution of any complaint, charge, claim, action, suit, or proceeding against Defendants regarding any of the released claims up until the time of the execution of this Agreement, whether or not aware thereof, unless compelled by law, validly issued subpoena, or valid court order.

12. **No Evidentiary Value.** The Parties agree that this Agreement shall have no evidentiary value and may not be cited or referred to for any purpose in any future judicial, administrative, or other proceeding, except in an action or proceeding to enforce the terms of this Agreement.

13. **Comprehension of Terms, Competency, Authority and Free Will.** The Parties represent that they are legally competent and fully and duly authorized to

execute this Agreement on their own behalves. The Parties further represent and warrant that each has read and understands this Agreement, and that this Agreement is executed voluntarily and without duress or undue influence on the part of, or on behalf of, any Party hereto. The Parties hereby acknowledge that each has consulted with legal counsel before entering into this Agreement, and each is fully aware of the legal effect of the provisions set forth herein.

14. **Interpretation.** This Agreement has been negotiated at arm's length by each of the Party's legal counsel. Accordingly, none of the Parties shall be presumptively entitled to have any provisions of the Agreement construed against the other Party in accordance with any rule of law, legal decision or doctrine. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose of this Agreement.

15. **No Third-Party Beneficiaries.** Nothing in this Agreement is intended or shall be construed to give any person or entity, other than the Parties, any legal or equitable right, remedy, or claim under or with respect to this Agreement or any provisions contained herein.

16. **Sole and Entire Agreement.** This Agreement is fully integrated and contains and constitutes the complete and entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior understandings and representations made, whether oral or written, between the Parties with respect to the settlement of this Action. The Parties further agree that this Agreement supersedes all other drafts hereof, and no prior drafts and/or deletions from any prior drafts shall have any meaning or effect whatsoever.

17. **Governing Law, Jurisdiction and Enforcement.** This Agreement shall be governed by, enforced in all respects, and construed in accordance with the laws of the State of New Jersey, exclusive of any choice of law rules. Any dispute concerning this Agreement shall be brought in the state and federal courts of New Jersey, to the extent that subject matter jurisdiction exists, and the Parties hereby consent to the personal jurisdiction of the state and federal courts of New Jersey.

18. **Attorneys' Fees.** In any action to enforce this Agreement, the non-breaching Party shall be entitled to recover such Party's attorneys' fees and expenses from the breaching Party. In all instances, fees and expenses shall include, without limitation, fees and expenses incurred in connection with demonstrating the existence of a breach and any other contract enforcement efforts.

19. **Validly of the Agreement and Severability.** If any term or provision of this Agreement or any document delivered pursuant hereto is determined to be illegal or unenforceable, all of the remaining terms and provisions of this Agreement, or any document delivered pursuant hereto, shall nevertheless remain effective and shall be enforced to the fullest extent permitted by applicable law.

20. **Successors and Assigns.** This Agreement shall be binding upon the Parties hereto and upon their heirs, successors, administrators and assigns, and shall inure to the benefit of the Parties and to their respective heirs, successors, administrators and assigns. Plaintiff expressly warrants that he has not transferred to any person or entity any rights, causes of action or claims released in this Agreement.

21. **Remedies.** Nothing herein shall be construed as: (a) prohibiting the Parties from pursuing any other remedies available to them for any breach of this Agreement including, without limitation, recovery of actual and/or punitive damages or (b) limiting the claims and/or causes of action for conduct which violates this Agreement. Failure by any party to enforce any particular provision of this Agreement at any time an in any instance shall not constitute a waiver of said provision.

22. **Execution in Counterparts.** This Agreement may be executed and delivered in any number of counterparts, including by electronic means, each of which, when so executed and delivered, shall constitute an original, fully enforceable counterpart for all purposes, and such counterparts together shall constitute but one and the same instrument. An electronic signature or copy of a signature shall have the same force and effect a an original "wet" signature.

23. **Survival of the Agreement.** All provisions and representations in this Agreement and the documents executed pursuant to this Agreement made by each of the Parties hereto shall survive the execution and delivery of this Agreement and the documents executed and delivered pursuant to it.

**BY SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE, PLAINTIFF REPRESENTS THAT:**

1. **HE HAS READ IT;**

2. **HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AFTER CONSIDERATION OF ITS TERMS WITH LEGAL COUNSEL; AND**

3. **HE HAS ENTERED INTO THIS AGREEMENT FREELY AND WILLINGLY AND WITH KNOWLEDGE OF ALL OF ITS TERMS.**

21. **Remedies.** Nothing herein shall be construed as: (a) prohibiting the Parties from pursuing any other remedies available to them for any breach of this Agreement including, without limitation, recovery of actual and/or punitive damages or (b) limiting the claims and/or causes of action for conduct which violates this Agreement. Failure by any party to enforce any particular provision of this Agreement at any time an in any instance shall not constitute a waiver of said provision.

22. **Execution in Counterparts.** This Agreement may be executed and delivered in any number of counterparts, including by electronic means, each of which, when so executed and delivered, shall constitute an original, fully enforceable counterpart for all purposes, and such counterparts together shall constitute but one and the same instrument. An electronic signature or copy of a signature shall have the same force and effect a an original "wet" signature.

23. **Survival of the Agreement.** All provisions and representations in this Agreement and the documents executed pursuant to this Agreement made by each of the Parties hereto shall survive the execution and delivery of this Agreement and the documents executed and delivered pursuant to it.

**BY SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE, PLAINTIFF REPRESENTS THAT:**

1. HE HAS READ IT;

2. HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AFTER
CONSIDERATION OF ITS TERMS WITH LEGAL COUNSEL; AND

3. HE HAS ENTERED INTO THIS AGREEMENT FREELY AND WILLINGLY AND WITH KNOWLEDGE OF ALL OF ITS TERMS.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed this Agreement as of the date written herein below.

_____    _____
**Date**                              **GEOVANI VILLALTA**

                                           _Tarek Elrid_ (signature)
_____    _____
**Date**                              **NTN BROTHERS CORPORATION**
                                          **D/B/A AS CHILLERS GRILL**

Page 6 of 6

Scanned with CamScanner

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed this Agreement as of the date written herein below.

11-10-2020  
**Date**

_____  
**GEOVANI VILLALTA**

_____  
**Date**

_____  
**DEFENDANT**

| | |
|---|---|
| GEOVANI VILLALTA,<br><br>                             *Plaintiff*,<br><br>vs.<br><br><br>NTN BROTHERS CORPORATION d/b/a CHILLERS GRILL, TEREK EBID, and NICK STATHATOS.<br><br>                             *Defendant*. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br>CASE NO.: 2:20-CV-08911-MCA-LDW<br><br>Civil Action<br><br>**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS** |

Plaintiff**,** Geovani Villalta and Defendants, NTN Brothers Corporation d/b/a Chillers Grill, Terek Ebid, and Nick Stathatos, hereby stipulate and agree that the above action, including all claims, counterclaims, and separate defenses that were brought or could have been brought by either party, are hereby dismissed with prejudice and without costs, disbursements, and attorneys' fees to any party.


| | |
|---|---|
| **KATZ MELINGER PPLC**<br>280 Madison Ave., Suite 600<br>New York, New York 10016<br>*Attorneys for the Plaintiff* | **KATES NUSSMAN ELLIS & FARHI LLP**<br>190 Moore Street, Suite 306<br>Hackensack, New Jersey 07601<br>*Attorneys for the Defendants* |
| _____<br>NICOLE GRUNFELD, ESQ. | _____<br>SANDRA M. BARSOUM, ESQ. |
| Dated: _____ | Dated: _____ |